**Diane STOLTMAN, Plaintiff—Appellant,**

v.

**FEDERAL EXPRESS CORPORATION, a Delaware corporation, Defendant—Appellee.**

No. 02–35793.

D.C. No. CV–01–00060–JO/AS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2003.

Decided Dec. 11, 2003.

Scott N. Hunt, Busse and Hunt, Portland, OR, for Plaintiff–Appellant.

Kathryn M. Hindman, Michael G. McClory, Bullard Smith Jernstedt Wilson, Portland, OR, Jonathan T. Harnish, Lake Oswego, OR, Sandra C. Isom, Federal Express Corporation, Legal Department/Litigation, Memphis, TN, for Defendant–Appellee.

Before BRUNETTI, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM *

Plaintiff Diane Stoltman appeals from the summary judgment in favor of Defendant. We affirm.

1. There is a genuine issue of material fact as to whether Plaintiff was "disabled" within the meaning of Oregon law. However, Defendant presented an alternative argument to the district court, and we may affirm on any ground supported by the record. *Solomon v. Interior Reg'l Hous. Auth.*, 313 F.3d 1194, 1196 (9th Cir.2002).

2. Oregon law requires an employer to make reasonable accommodations to the known limitations of an otherwise qualified disabled employee. Or.Rev.Stat. § 659.436(2)(e) (1999) (renumbered as § 659A.112 in 2001). Defendant complied with all of Plaintiff's requested accommodations except for providing an ergonomic chair. Defendant gave her two headsets, a larger keyboard, assistance with covering her expanded territory, and a paid leave of absence.

With respect to the request for an ergonomic chair, Defendant did not reject the proposed accommodation. Rather, Defendant conditioned supplying the chair on the receipt of a current prescription, which Plaintiff did not provide, and meanwhile proposed a practical alternative by ordering a high-backed chair. This interactive process was still ongoing at the time of Plaintiff's termination, and thus there is no evidence that Defendant failed to accommodate Plaintiff with respect to the requested chair.

3. Defendant offered a legitimate, nondiscriminatory reason for terminating Plaintiff's employment. She was fired for violating Defendant's mileage reimbursement policy. There is no evidence tending to show that Plaintiff did *not* violate the policy. There is evidence that she did so due to a genuine misunderstanding, rather than due to intentional falsification, but the policy does not require a guilty state of mind.

Moreover, there is affirmative evidence that the same manager had recently fired another, non-disabled employee for a similarly trivial violation of the reimbursement policy: using a long-distance calling card for a personal call.

There is no evidence of discriminatory animus. A former manager made one stray remark that "we need to find you another job" because of "these restrictions," but that comment occurred substantially before the termination, was made by someone who no longer supervised Plaintiff, and was not shown to be known or endorsed by the decision-maker.

Nor is the rapidity of the termination evidence of pretext. *See Pottenger v. Potlatch Corp.*, 329 F.3d 740 (9th Cir.2003) (holding that a rapid process of firing an

---

employee and unsupported allegations of departures from standard procedure do not, without more, create a factual issue as to pretext); *see also* Or.Rev.Stat. § 659.449 (1999) (renumbered as § 659A.139 in 2001) (stating that the Oregon disability discrimination statutes "shall be construed to the extent possible in a manner that is consistent with any similar provisions of the federal Americans with Disabilities Act of 1990").

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.